**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4087**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH EUGENE ALSTON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:20-cr-00199-FL-9)

_____

Submitted:  January 22, 2026                    Decided:  January 26, 2026

_____

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Matthew C. Joseph, LAW OFFICE OF MATTHEW C. JOSEPH PLLC, Charlotte, North Carolina, for Appellant.  Lucy Partain Brown, Katherine Simpson Englander, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Eugene Alston pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of 4F-MDMB-BINACA for human consumption, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court sentenced him to 41 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although notified of his right to do so, Alston has not filed a pro se supplemental brief. The Government moves to dismiss Alston's appeal as barred by the appeal waiver in his plea agreement. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable," and we "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Alston knowingly and voluntarily pleaded guilty. In addition,

2

Alston knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.  We therefore conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Alston's valid appellate waiver.  We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver.  We affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Alston, in writing, of the right to petition the Supreme Court of the United States for further review.  If Alston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Alston.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3